UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL GREENMAN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) Civil Action No._____ |
| v. | ) |
| | ) |
| PERFORMANT RECOVERY, INC., | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff, Cheryl Greenman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Cheryl Greenman ("Plaintiff"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a defaulted student loan obligation allegedly owed to Educational Credit Management

Corporation. Plaintiff is thus a consumer as defined by § 1692a of the FDCPA, as she was allegedly obligated to repay the loan obligation.

4. Defendant, Performant Recovery, Inc. ("Defendant"), is a California corporation that, from its headquarters in Pleasanton, California, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails, courts and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant is authorized to conduct business in Illinois and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State.) In fact, Defendant conducts business in Illinois.

6. Defendant is licensed as a collection agency in Illinois. (Exhibit B, Record from Illinois Division of Professional Regulation.)

**FACTUAL ALLEGATIONS**

7. Plaintiff incurred five separate student loan obligations to River Forest State Bank. ("alleged debt".)

8. According to Defendant, the alleged debt was thereafter assigned to Educational Credit Management Corporation.

9. Plaintiff could not complete the educational program in which she was enrolled, for which she obtained the loans, because she could not afford to pay tuition.

10. In or around the year 1993, Plaintiff defaulted on all five of her student loans due to her inability to obtain employment.

11. Upon information and belief, the five loans obtained by Plaintiff were reduced to two separate judgments in the Circuit Court of Cook County, Illinois on October 30, 1996, under cases titled *ISAC v. Cheryl Reusch*, corresponding to case numbers 1996-M1-145737 and 1996-M1-145731.

12. On or around March 11, 2013, Plaintiff received a letter from Defendant ("First Letter") stating that Educational Credit Management Corporation has a claim on a "delinquent account", which had been referred to Defendant for collection. (Exhibit C, Letter dated March 4, 2013.)

13. The First Letter states that the "original creditor" is Corus Bank.

14. Defendant's statement that Corus Bank is the original creditor is false, as River Forest State Bank was the original creditor for each of the five loans Plaintiff obtained.

15. The First Letter states that Plaintiff owes a balance of $74,843.96.

16. The First Letter also states in part as follows:

> …**our client has advised us it will report your default to all national credit bureaus, which may affect your ability to obtain credit.**

(Exhibit C, Letter dated March 4, 2013)

17. On or around April 10, 2013, Plaintiff received a second letter from Defendant ("Second Letter"), that states in part as follows:

> **Our client has informed us it will report your default to all of the major credit reporting agencies and this information will remain on your credit profile for up to 7 years from the date of default.**

(Exhibit D, Letter dated April 3, 2013)

18. The Second Letter states that Plaintiff owes a balance of $74,941.74.

19. The Second Letter also states that the "original creditor" is Corus Bank.

20. The alleged debt first went into default over 20 years ago.

21. The alleged debt was reduced to judgment in 1996.

22. Due to the time that has passed since the date of first delinquency, the alleged debt, to use industry parlance, is "obsolete". *Fed. Trade Comm'n v. Gill*, 265 F.3d 944, 948 (9th Cir. 2001 (citing 15 U.S.C. 1681c(a)).

23. Defendant's repeated references to the possibility of the alleged debt being reported on Plaintiffs' credit report is both deceptive and false, as there is no legal possibility that information relating to the alleged debt can appear on Plaintiff's credit reports because of the amount of time that has passed from the date Plaintiff defaulted on said loans.

24. On May 16, 2013, Plaintiff placed a telephone call to Defendant due to the fact that she was confused by the amounts sought in Defendant's letters, as well as by the reference to credit reporting in said letters.

25. Plaintiff was thereafter connected to an agent or employee of Defendant who identified himself as "Ted North". During the pendency of Mr. North's conversation with Plaintiff, he informed Plaintiff that the $74,941.74 being sought from her via letter was actually the total amount sought for 5 separate loan debts owed by Plaintiff.

26. During the pendency of the conversation that ensued on May 16, 2013, Mr. North told Plaintiff that the alleged debt was already being reported on her credit report.

27. During the pendency of the conversation that ensued on May 16, 2013, Mr. North told Plaintiff that Defendant could take away any professional licenses that Plaintiff had, or keep them from getting renewed, if she refused to pay the alleged debt.

28. Defendant's statement that the alleged debt was being reported on her credit reports was false.

29. Defendant's statement that it could take away Plaintiff's professional licenses, or keep them from getting renewed, is false.

30. Upon information and belief, the original five separate loan debts have been merged into two judgments, and thus now constitute two separate debts.

31. Defendant's statement to Plaintiff that she owes the creditor five separate debts was thus false.

32. Defendant's act of seeking to collect five separate loans under one account number as a single debt amount, where the five loans have previously been reduced to two separate judgments, does not communicate the amount of the alleged debt for each debt being collected by Defendant, in violation of 15 U.S.C. 1692g.

33. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

34. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

35. Plaintiff incorporates paragraphs 1-34.

36. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

   a) Defendant violated 15 U.S.C. §1692e by the foregoing alleged conduct;

   b) Defendant violated 15 U.S.C. §1692e(2) by misrepresenting the amount, character and status of the alleged debt, including but not limited to telling Plaintiff she had five separate debts, instead of just two;

    c)      Defendant violated 15 U.S.C. §1692e(2) by misrepresenting the identity of the original creditor;

    d)      Defendant violated 15 U.S.C. §1692e(5) by falsely telling Plaintiff that the alleged debt was being reported on her credit reports, and by referring to the possibility of credit reporting of the alleged debt in its letters to Plaintiff, when no such credit reporting could legally occur;

    e)      Defendant violated 15 U.S.C. §1692e(5) by falsely telling Plaintiff that it could take away, or prevent to be renewed, any professional licenses held by Plaintiff;

    f)      Defendant violated 15 U.S.C. §1692e(8) by threatening to communicate the alleged debt to the credit reporting agencies;

    g)      Defendant violated 15 U.S.C. §1692e(10) by falsely telling Plaintiff that the alleged debt was being reported on her credit reports, and by referring to the possibility of credit reporting of the alleged debt in its letters to Plaintiff, when no such credit reporting could legally occur;

    h)      Defendant violated 15 U.S.C. §1692f by the foregoing alleged conduct;

    i)      Defendant violated 15 U.S.C. §1692f by unfairly telling Plaintiff that the alleged debt was being reported on her credit reports, and by referring to the possibility of credit reporting of the alleged debt in its letters to Plaintiff, when no such credit reporting could legally occur;

    j)      Defendant violated 15 U.S.C §1692g(a)(1) by failing to send Plaintiff a written notice within 5 days after the initial communication with Plaintiff in connection with the collection of the alleged debt, that communicates the amount of each debt it sought to collect from Plaintiff;

37.     Plaintiff suffered emotional distress as a result of Defendant's actions.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant for the count alleged above for:

    A.     Actual and Statutory damages pursuant to 15 U.S.C. § 1692k;

    B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.     Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

By: s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
Tele 312-726-6160
Fax  312-698-5054
mario.kasalo@kasalolaw.com